UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:17-CIV-23841-SEITZ/REID

MSP RECOVERY CLAIMS, SERIES LLC,

    Plaintiff,

vs.

AUTO-OWNERS INSURANCE COMPANY,
et al.,

    Defendants.
_____/

**ORDER DENYING PLAINTIFF'S MOTION TO VACATE ORDER
AND DIRECTING PLAINTIFF TO FILE AMDENDED COMPLAINT
FOLLOWING REMAND**

THIS MATTER is before the Court upon Plaintiff's Motion to Vacate the August 8th Order Pursuant to Mandate Dismissing Claims on Behalf of HFAP, Reinstating Representative Claims of Verimed, and Requiring the Filing of an Amended Consolidated Complaint [DE 72]. Plaintiff contends that it should not be required to amend its complaint following the Eleventh Circuit's remand to this Court and that Defendants should be required to answer the Complaint as it stands. For the following reasons, Plaintiff's Motion is denied.

Plaintiff's thirty-nine (39) page Consolidated Class Complaint for Damages [DE 48] identifies four representative no-fault claims, three of which relate to assignments from Health First Administrative Plans ("HFAP") [DE 48]. In its Order, the Eleventh Circuit affirmed, in part, the dismissal of Plaintiff's claims based on the HFAP assignments, and reinstated Plaintiff's claims related to Verimed. However, Counts I and II of the Consolidated Complaint incorporate by reference all of the preceding paragraphs in the Complaint including the HFAP assignment claims. The Consolidated Complaint also recites additional allegations common to all representative claims. Those allegations intermingle facts related to patients whose claims only

1

relate to HFAP. As such, the Complaint is cumbersome and confusing and contains many allegations irrelevant to the remaining Verimed claims. Further, any Answer by Defendants likely will be equally confusing to the extent it corresponds to the Complaint as currently structured. In short, without an amended Complaint, the Court will spend time wading through unnecessarily lengthy and complex pleadings to determine which paragraphs and allegations remain at issue—a waste of judicial resources. *See* Fed. R. Civ. P. 8 (requiring a short and plain statement of the claim showing that the pleader is entitled to relief). Plaintiff's counsel is therefore directed to assist the Court by streamlining the Complaint so that this matter may be resolved in a non-confusing, expeditious manner as to the remaining Verimed claims.[1]

Accordingly, it is ORDERED THAT

1. Plaintiff's Motion to Vacate the August 8th Order Pursuant to Mandate [DE 72] is **DENIED;**

2. On or before **October 27, 2021**, Plaintiff shall file an **Amended Complaint Following Remand** that sets forth the relevant Verimed claims and facts in a concise manner in compliance with Fed. R. Civ. P. 8;

3. The Defendant shall file its response to the Amended Complaint Following Remand on or before **November 10, 2021.**

4. The Court will issue a Scheduling Order setting Trial and Pretrial deadlines by way of separate order.

5. The Court will hold a Fed. R. Civ. P. 26 (f) discovery conference on **Tuesday, November 16, 2021 at 10:00 am**. On or before **November 12, 2021**, the Parties

---

[1] The Court declines Defendants' invitation to impose sanctions against the Plaintiff for failing to comply with the Courts August 8th Order. The arguments raised by the Plaintiff appear to be advanced in good-faith and not merely to disregard this Court's Order to file an Amended Complaint.

shall confer and submit a written proposed Discovery Plan as described in Fed. R. Civ. P. 26 (f) (3). The Parties shall discuss minimizing costs associated with discovery and shall not propound any discovery prior to the Rule 26 (f) conference.

DONE and ORDERED in Miami, Florida, this 19th day of October, 2021.

_____
PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:   Counsel of Record